UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YVONNE FROST,

                  Plaintiff,

            -against-

N.Y.P.D.; NYC M.T.A.; CITY OF NEW YORK (HRA); BRONX SUPREME COURT,

                  Defendants.

19-CV-8595 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, appearing *pro se*, brings this action under the Court's federal question jurisdiction. By order dated October 21, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). The Court dismisses the complaint for the reasons set forth below.

**STANDARD OF REVIEW**

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)

(holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

Plaintiff drafted this complaint using the general complaint form provided by this Court. After checking the box on the form to indicate that she invokes the Court's federal question jurisdiction, she lists the following (in the section in which she is asked to indicate which of her federal constitutional or federal statutory rights have been violated): "(1) Denied me my leisurely place of aboard [sic]. (2) Denied me my compensation 100 million +. (3) Denied me my rights to have and take my children. (4) Denied me treatment. (5) Different treatment." (ECF No. 2, at 2.) Plaintiff lists the places of occurrence as "Brooklyn, Bronx, New York, NJ," and the dates of occurrence as "From 2016 – present." (*Id.* at 5.) Among other allegations, Plaintiff asserts the following:

> It is an emergency. Children are involved. Since about 2016 multiple wrongs and multiple injuries has been happening to me. In addition I have two people one man and one woman who has a secret vendetta against me. It's about sex, money, power, and God.
>
> NYPD, NYC MTA, City of New York (HRA) and Bronx Supreme Court have blocked my path leaving me like a vagrant and homeless. These agencies have all used my money to make money and for pleasure and cut me out.
>
> In addition to homeless I am also gifted. I lost my baby and was told by an angel I would have two babies. I was told by doctors it is ageism. I had the babies – they were pulled out of me. Jesus told me he chose me. Jesus said I was special/different. I see in 3D and hear in 3D. I can see things most people cannot and would not be able to see.

(*Id.* at 5-6.)

> Someone put me in a game a television show without me signing any agreement. Based on how I presently has [sic] to run for my life the game was played on/about me i.e. someone took a page out of my life. It is dangerous because I want to stay away from police and police officer were [sic] in this game. In addition, my personal family court matter was turned into a public television show.

(*Id.* at 7.)

Plaintiff seeks declaratory and injunctive relief, and money damages. (*Id.* at 6, 8-9.)

## DISCUSSION

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, Plaintiff's claims rise to the level of the irrational, and there is no legal theory on which she can rely. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses the action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

## LITIGATION HISTORY

Plaintiff has filed a total of 27 actions during the period from September 16, 2019, through October 21, 2019. *See Frost v. Oculus*, ECF 1:19-CV-9667, 5 (S.D.N.Y. Nov. 5, 2019) (listing cases). In light of Plaintiff's abuse of the privilege of proceeding IFP, by order dated November 7, 2019, the Court barred Plaintiff under 28 U.S.C. § 1651 from filing future civil actions IFP in this Court without obtaining from the Court leave to file. *Frost v. City of New York (HRA)*, ECF 1:19-CV-8936, 6 (S.D.N.Y. Nov. 7, 2019). This action was received prior to the bar order.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket and note service on the docket.[1]

Plaintiff's complaint is dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). The November 7, 2019 bar order remains in effect.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: November 18, 2019
        New York, New York

                              COLLEEN McMAHON
                              Chief United States District Judge

---

[1] Plaintiff has consented to receive electronic service of Court documents. (ECF No. 3.)